# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| KRISTIN R. FOSTER, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) |
| | ) |
| NATCHEZ HOSPITAL COMPANY, | ) CIVIL ACTION NO.: 5:21-cv-24-DCB-FKB |
| LLC D/B/A MERIT HEALTH | ) |
| NATCHEZ, NATCHEZ CLINIC | ) |
| COMPANY, LLC; SHARON GRANT; | ) |
| LANCE BOYD; UNKNOWN ENTITIES | ) |
| 1-10; AND JOHN DOES 1-10 | ) |
| | |
| DEFENDANT. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Natchez Hospital Company, LLC d/b/a Merit Health Natchez ("Merit Health") and Natchez Clinic Company, LLC ("Natchez Clinic") (collectively "Natchez Defendants") hereby remove this civil action from the Chancery Court of Adams County, Mississippi, where it is currently pending as Cause No. 21-59, to the United States District Court for the Southern District of Mississippi, Western Division. In support of the removal, Defendants state as follows:

### INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Kristin Foster ("Plaintiff" or "Foster") originally filed an action against Merit Health on December 23, 2020 in the County Court of Adams County. In her Complaint, Foster sought to invalidate the noncompete provision of her employment agreement with Natchez Clinic. Notably, Foster did not name Boyd or Grant, nor did Foster allege that her decision to seek other

employment was based on anything other than a desire to serve an underserved community in Louisiana.

After receiving notice of the lawsuit, Merit Health properly removed the matter and filed a motion to dismiss[1].  Plaintiff did not respond to Merit Health's motion to dismiss and instead dismissed the lawsuit after her deadline to respond passed.  Prior to dismissing her suit, however, filed this concurrent civil action on January 29, 2021, against Merit Health, Natchez Clinic, Sharon Grant, and Lance Boyd in the action styled, *Kristen R. Foster v. Natchez Clinic Company, LLC, et al.*, Cause No. 21-59.  The summons and Complaint were served on Natchez Clinic and Merit Health on February 3, 2021.   A copy of the Complaint is attached hereto as **Exhibit A**.  While Grant and Boyd ("Fraudulently Joined Defendants") are fraudulently joined parties whose consent to removal is not required, both Fraudulently Joined Defendants consent to removal of this action. *See* Sharon Grant's Consent to Removal and Lance Boyd's Consent to Removal, attached as collective **Exhibit B**.

The Complaint could have been originally filed in this Court pursuant to 28 U.S.C. § 1332. The Natchez Defendants are the only properly joined defendants.  Plaintiff's Complaint identifies various causes of actions against the Fraudulently Joined Defendants, including intentional infliction of emotional distress, intentional interference with a contract/business relationship with the Natchez Clinic, Intentional Interference with a contract/business relationship with Riverland, unlawful retaliation and termination, and civil conspiracy. *See generally* Ex. A.   As discussed in detail below, Plaintiff's claims against the Fraudulently Joined Defendants lack merit and fail as a matter of law.   Therefore, Plaintiff's only possible claims remain against the diverse Natchez

---

[1] In a clear act of forum-shopping, the instant action is Plaintiff's second attempt to avoid the proper venue for this action. *See Foster v. Natchez Hospital Co., LLC d/b/a Merit Health Natchez*, Civil Action No.: 5:20-cv-00229-DBC-LGI.

Defendants. Accordingly, complete diversity of citizenship exists between Plaintiff and the Natchez Defendants. Further, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Smallwood v. Ill. Cent. R. Co.*, 385 F. 3d 568, 572-73 (5th Cir. 2004).

Therefore, this action is removable under 28 U.S.C. § 1441 based upon diversity jurisdiction.

## BASIS FOR REMOVAL

I. **The Court has Diversity Jurisdiction over this Civil Action.**

This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

    A. **The Parties are completely diverse.**

Plaintiff's Complaint establishes that complete diversity of citizenship exists between Plaintiff and the Natchez Defendants. Plaintiff Kristin Foster, upon information and belief, is an adult resident citizen of Adams County, Mississippi. Pl.'s Compl. at 1, ¶ 3. Defendant Merit Health is not a citizen of Mississippi insofar as it is a Delaware limited liability company with none of its members being citizens of Mississippi. Likewise, Defendant Natchez Clinic is not a citizen of Mississippi insofar as it is a Delaware limited liability company with none of its members being citizens of Mississippi. Both Boyd and Grant are Mississippi residents, but because both are fraudulently joined, their citizenship must be disregarded in determining whether diversity jurisdiction exists.

A defendant is improperly joined if "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *See Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (quoting *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)). To determine whether Plaintiff has stated a cause of action against the resident

defendant, the Court need only consider the well-pleaded allegations of the state court complaint. *James v. Chase Manhattan Bank*, 173 F.Supp.2d 544, 549 (N.D. Miss. 2001). If improper joinder is shown by clear and convincing evidence, "the district court must ignore the presence of the non-diverse defendant and deny any motion for remand." *Henderson*, 454 F.3d at 1281.

  **B.**  **The Amount in Controversy exceeds $75,000 exclusive of interest and costs.**

  When a case is removed pursuant to § 1332, and complete diversity exists, typically federal courts only decline jurisdiction if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 58 S.Ct. 586, 590 (1938). However, "[the Fifth Circuit] has indicated that the legal certainty test does not apply in a remand situation where the plaintiff has alleged an indeterminate amount of damages." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). In these cases, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." *De Aguliar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If it is not facially apparent from the complaint that the claims exceed $75,000, the court will look to "'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* (citing *Allen*, 63 F.3d at 1336).

  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 97 S.Ct. 2434, 2443 (1977). This calculation is made in consideration of "the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*,

705 F.2d 727, 729 (5th Cir. 1983). When the object of the litigation is a non-compete agreement, the court may consider a number of different factors to ascertain the suit's value. *See, e.g.*, *Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444, 447 (5th Cir. 1971) (noting the jurisdictional amount could be found based on "a number of approaches"); *see also Basicomputer Corp. v. Scott*, 791 F.Supp. 1280, 1286 (N.D. Ohio 1991) (noting "'potential as well as past damages' are appropriate for consideration" when assessing the value of a non-compete) (citation omitted).

Here, the Court must look to the time period covered by the covenant and evaluate the worth of Plaintiff's employment during that period to determine value of the declaratory judgment action. *See Component Mgmt. Servs., Inc. v. Am. II Elecs., Inc.*, No. CIV.A.3:03-CV-1210-P, 2003 WL 23119152, at *2 (N.D. Tex. Sept. 9, 2003); *Ray Mart, Inc. v. Stock Bldg. Supply of Texas, LP*, 435 F. Supp. 2d 578, 587 (E.D. Tex. 2006). Based on the allegations in Plaintiff's Complaint, the enforcement period extends from November 11, 2020 to November 11, 2022. Pl.'s Compl. at ¶ 29. At the time of her resignation, Plaintiff received an annual base salary of $110,000.00 with additional benefits and incentives. Accordingly, the value of Plaintiff's employment during the covenant enforcement period exceeds $75,000. Therefore, this entire case is removable pursuant to 28 U.S.C. § 1441(a).

### PLAINTIFF'S CLAIMS AGAINST BOYD AND GRANT

**II. Plaintiff's Claims Against Boyd and Grant are Without Merit and Must be Dismissed.**

In her Complaint, Plaintiff seemingly asserts five claims against Boyd and Grant: intentional infliction of emotional distress; intentional interference with a contract/business relationship with the Natchez Clinic; Intentional Interference with a contract/business relationship

with Riverland; unlawful retaliation and termination; and civil conspiracy. Of the five claims, none are viable against Boyd or Grant and removal is proper.

### A. Intentional Interference with a Contract/Business Relationship with Natchez Clinic and Riverland

Under Mississippi law, the elements of intentional interference with a contractual relationship are: "(1) that the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiff in his/her lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which acts constitute malice); (4) that actual damage or loss resulted," and "(5) the defendant's acts were the proximate cause of the loss or damage suffered by the plaintiff." *Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A.*, 910 So.2d 1093, 1098–99 (Miss. 2005).

In order to succeed on her claim, Plaintiff must prove that an enforceable obligation existed between the plaintiff and another party. *Merchants & Planters Bank of Raymond v. Williamson*, 691 So. 2d 398, 407 (Miss.1997). In addition, Plaintiff must prove that the contract would have been performed but for the alleged interference. *Par Industries, Inc. v. Target Container Co.*, 708 So. 2d 44 (Miss. 1998). The element of willfulness and calculation does not require a showing on the part of the plaintiff that defendant had a specific intent to deprive plaintiff of contractual rights. Rather, the requisite intent is inferred when defendant knows of the existence of a contract and does a wrongful act without legal or social justification that he is certain or substantially certain will result in interference with the contract. *Par* (quoting *Liston v. Home Ins. Co.*, 659 F. Supp. 276, 281 (S.D. Miss. 1986)).

### i. Contract with Natchez Clinic

Plaintiff's claim for intentional interference with a contract/business relationship with the Natchez Clinic fails as a matter of law. As initial matter, Plaintiff is unable to satisfy each element

of her claim. As alleged in Plaintiff's Complaint, her entire claim for intentional interference is premised on the theory that Boyd and Grant made the work conditions so intolerable, it was tantamount to a constructive discharge. Thus, in order to determine whether Boyd and Grant interfered with her Natchez Clinic contract, she must show "the employer made the employee's working conditions so intolerable that a reasonable employee would feel compelled to resign." *Brown v. Bunge Corp.*, 207 F.3d 776, 782 (Miss. 2000) (quoting *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994)) (internal quotation marks omitted).

In evaluating a constructive discharge claim, courts consider whether a reasonable employee would feel compelled to resign under the circumstances faced by the plaintiff using the following factors: "(1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement." *Id*.

Plaintiff attempts to meet this burden by simply alleging that Boyd and Grant created a hostile work environment by "overloading Ms. Foster's ability to perform her job while continuing to make additional demands." Pl.'s Compl. at ¶¶ 22-26. Plaintiff does not provide any detail on the nature of the "additional demands" or how Boyd or Grant overloaded her ability to perform her job. Indeed, her Complaint is silent on any specific act demanded by either, and thus, it is impossible to infer malice based on Plaintiff's allegations.

Additionally, because Plaintiff alleges that both acted as an agent of the Natchez Clinic, their actions are privileged unless Plaintiff can show each acted outside the scope of his or her employment and were taken in bad faith. *See Shaw v. Birchfield*, 481 So.2d 247 (Miss.1993) ("Where a corporation has a contract with another, and where an individual who is an agent of the

corporation has responsibilities with respect to the contract, any actions taken in good faith within the scope of those responsibilities with respect to the contract are privileged and thus not actionable."). Accordingly, because Plaintiff cannot show that Boyd or Grant acted in bad faith, her claim against each fail.

    ii. *Contract with Riverland*

Plaintiff's claim as it relates to its contract with must fail because Plaintiff cannot show that Boyd and Grant's actions were done without right or justifiable cause. Plaintiff's employment contract explicitly prohibits engaging in the practice of medicine within a twenty (20) mile radius of Natchez Clinic for a period of two (2) years. Plaintiff admits her employment with Riverland 1) involved the practice of medicine and 2) was within a twenty (20) mile radius of Natchez Clinic. Because Plaintiff's employment with Riverland violated the plain language of the covenant, Plaintiff is unable to show that Boyd and Grant lacked justifiable cause in advising Riverland of Plaintiff's obligations under the employment agreement.

**B. Unlawful Retaliation and Termination**

Neither Boyd nor Grant cannot be individually liable for wrongful termination. *See DeCarlo v. Bonus Stores, Inc.*, 989 So. 2d 351, 359 (Miss. 2008) (liability in wrongful termination and wrongful discharge cases is limited to the employer only and does not extend to individual defendants). As a matter of law, this claim must fail.

**C. Intentional Infliction of Emotional Distress**

Meeting the requisite elements of a claim for intentional infliction of emotional distress is a high burden in Mississippi. *Jenkins v. City of Grenada, Miss.*, 813 F. Supp. 443, 446 (N.D. Miss. 1993). In a claim for intentional infliction of emotional distress the plaintiff is required to show (1) the defendant acted willfully towards the plaintiff by committing certain described

actions, (2) the defendant's acts are ones which evoke outrage or revulsion in civilized society; (3) the acts were directed at or intended to cause harm to the plaintiff; (4) the plaintiff suffered severe emotional distress as a direct result of the acts of the defendant; and (5) such resulting emotional distress was foreseeable from the intentional acts of the defendant. *Smith v. Antler Insanity, LLC*, 58 F. Supp. 3d 716, 724 (S.D. Miss. 2014); *see also Pierce v. Cook*, 992 So. 2d 612, 622 (Miss. 2008).

To sustain a claim for intentional infliction of emotional distress, plaintiff must show that the conduct was "malicious, intentional, willful, wanton, grossly careless, indifferent or reckless." *Leaf River Forest Prods., Inc. v. Ferguson*, 662 So. 2d 648, 659 (Miss. 1995).

As discussed above, Plaintiff cannot establish a claim for intentional interference with contracts against Boyd or Grant. Because Plaintiff has not alleged sufficient conduct to support her theory of constructive discharge, Plaintiff's intentional infliction of emotional distress claim cannot survive.

### D. Civil Conspiracy

Under Mississippi law, a civil conspiracy requires showing: "(1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result." *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 459 (5th Cir. 2005) (quoting *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So.2d 777, 786 (Miss. 2004)). The claim requires an "unlawful" act or purpose. *See Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777 (Miss. 2004) (no civil conspiracy where Plaintiff alleged that defendants "sought to fraudulently and unlawfully circumvent enforcement of laws of the State of Mississippi regulating insurance contracts so as to unlawfully take from Plaintiffs their monies due" but failed to establish violation of statute caused

them damages); *Levens v. Campbell*, 733 So. 2d 753, 761 (Miss. 1999) ("[T]here is no actionable conspiracy where all that is shown is the exercise in a lawful manner of a right to terminate a contract."). Because Plaintiff failed to allege an unlawful act or unlawful purpose, its claim for civil conspiracy fails as a matter of law.

### III. The Other Prerequisites for Removal are Satisfied.

This Notice of Removal is timely filed within 30 days following February 3, 2021, the date upon which Natchez Defendants were first served with process in this action. *See Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 819 (S.D. Miss. 2002) (holding that Fed. R. Civ. P. 6(a) applies in calculating the deadline to file removal). A Notice of Filing, with a copy of this Notice of Removal (without exhibits), will be filed promptly with the County Clerk of Adams County, Mississippi.

The County Court of Adams County is situated within this district and division, making a removal to this Court proper pursuant to 28 U.S.C. § 1441(a). If any question arises as to the propriety of the removal of this action, Natchez Defendants request the opportunity to present a brief and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

WHEREFORE, Natchez Defendants in this civil action, respectfully request that the above-captioned action now pending in the Chancery Court of Adams County, Mississippi, be removed to the United States District Court for the Southern District of Mississippi, Western Division, and that said district court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

**RESPECTFULLY SUBMITTED**, this the 5th day of March, 2021.

*/s/ Michael C. Williams*
J. William Manuel (MBN 9891)

        Michael C. Williams (MBN 104537)
        wmanuel@bradley.com
        mcwilliams@bradley.com

        *Counsel for Natchez Hospital Company, LLC d/b/a Merit Health Natchez and Natchez Clinic Company, LLC.*

OF COUNSEL:

Bradley Arant Boult Cummings LLP
One Jackson Place
188 East Capitol Street, Suite 1000
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

## CERTIFICATE OF SERVICE

I, the undersigned attorney, on behalf of Defendants Natchez Hospital Company, LLC d/b/a Merit Health Natchez and Natchez Clinic Company, LLC do hereby certify that I have served via the CM/ECF filing system, a true and correct copy of the above and foregoing document to all counsel of record.

This the 5th day of March, 2021.

/s/ *Michael C. Williams*
Michael C. Williams